UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD PERKOWSKI, <br><br> Plaintiff; <br><br> v. <br><br> THE TOWN OF BROOKHAVEN, THE BROOKHAVEN TOWN BOARD, and ROBERT N. INCAGLIATO, <br><br> Defendants. | 2:18-cv-5480 (NRM) (LGD) <br><br> MEMORANDUM & ORDER |

NINA R. MORRISON, United States District Judge:

In this 42 U.S.C. § 1983 action, Plaintiff Edward Perkowski moved *in limine* on January 13, 2023 to preclude certain evidence proffered by Defendants, including the testimony of witnesses Wayne Duchnowski (the owner of the home that Plaintiff rented and resided in at the time of the events at issue in this lawsuit) and Detective Frank Cutinella[1] (who is not a defendant in this action, but who was present for the execution of a search warrant on the same date that defendant Robert Incagliato, then a civilian official in the Town of Brookhaven, entered Plaintiff's home); evidence regarding the arrest and prosecution of Plaintiff's son Edward Perkowksi, Jr. on charges that were ultimately dismissed or for which he

---

[1] The Court deduced this witness's name through its own research. Plaintiff refers to this witness as "Robert Cutinello" in his motion *in limine*, whereas Defendants call him "Frank Cutinello" in the parties' first joint pre-trial order.

1

was acquitted; and evidence of Plaintiff's 1999 conviction for tax evasion. Plaintiff also moved for leave under Rule 43(a) of the Federal Rules of Civil Procedure to elicit testimony from Plaintiff's sister, Daryl Cunningham, by video, contending that Ms. Cunningham's health prevents her from traveling to New York for trial.

After Plaintiff submitted to the Court medical evidence that supported his contention that Ms. Cunningham could not safely travel, the Court granted Plaintiff's Rule 43(a) motion by text order on January 31, 2023. The Court held a status conference on February 3, 2023 to address Plaintiff's remaining motions *in limine* and other pre-trial matters. During this conference, Defendants agreed that in light of Plaintiff's clarification as to the scope of certain claims he intends to make and the evidence he will offer in support of those claims, Mr. Duchnowski and Mr. Cutinella would not need to testify at trial; the parties also agreed on the permissible scope of evidence regarding Plaintiff's son's arrest and prosecution, which will chiefly be presented through a joint stipulation. In light of the parties' mutual resolution of these issues, the Court concluded that Plaintiff's motions with respect to this evidence were moot.

Remaining, then, is Plaintiff's motion to preclude evidence of his 1999 conviction for tax evasion. On April 30, 1999, Plaintiff pled guilty to one count of tax evasion for falsifying fuel delivery tickets in 1995. On November 3, 1999, Judge Arthur Spatt, then-district court judge of the Eastern District of New York, sentenced Plaintiff to three years of probation, which included four months of home detention. While Defendants argue that Rule 609(b) of the Federal Rules of Civil

Procedure permits the admission of this conviction at trial, Plaintiff argues that the same rule mandates its exclusion. For the reasons outlined herein, Plaintiff's motion to preclude is GRANTED.

## Legal Analysis

Rule 609(a)(2) of the Federal Rules of Evidence gives the Court no discretion to preclude evidence of a conviction for a crime that involves at act of untruthfulness if it took place within the last ten years. However, the Court can only admit evidence of a criminal conviction that is more than ten years old if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).[2] Given this high burden, convictions over ten years old are admitted "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993). When a court does admit such a conviction, the district judge "must make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1976).

When deciding whether an old conviction should be admitted under the balancing test outlined in Rule 609(b)(1), the district court should consider "a number of factors" including "the nature, age, and severity of the crime and its

---

[2] Rule 609(b) also requires the proffering party to give its adversary advance notice that it intends to introduce the conviction during trial. Fed. R. Evid. 609(b)(2). Both parties agree that Defendants have satisfied that requirement here.

3

relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways' or engaged in similar conduct recently." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (citation omitted). Courts have also considered "the degree of similarity between the past crimes and this crime" and "the importance of the [witness's] testimony." *United States v. Brown*, 606 F. Supp. 2d 306, 311-13 (E.D.N.Y. 2009).

When applying this test to Plaintiff's 1999 conviction, the Court concludes that the balance of relevant factors under Rule 609(b) warrants its exclusion. On the one hand, Plaintiff's conviction for tax evasion involved an act of untruthfulness; there is little likelihood that the jury will conflate Plaintiff's criminal conviction with the present proceeding since the conviction is not similar to any acts or omissions that the parties have alleged in this action; and Plaintiff's testimony and credibility will be central to the case.

On the other hand, Plaintiff's conviction involved no prison time, indicating that Judge Spatt did not consider Plaintiff's actions to be particularly "severe."[3] Plaintiff has no criminal history post-dating his 1999 conviction, and certainly no subsequent convictions for crimes involving untruthfulness, which supports the inference that Plaintiff has indeed "mended his ways."[4] Defendants also deposed

---

[3] As Magistrate Judge Lindsay noted during Plaintiff's plea hearing on April 30, 1999, Plaintiff faced a maximum sentence of five years in prison for this crime.
[4] Plaintiff's counsel made this representation in his sworn submissions to the Court. At oral argument on the motion, Defendants' counsel agreed that while Defendants had not independently verified this assertion, at this time they had no evidence or information to the contrary.

4

Plaintiff during discovery, which of course gives Defendants the opportunity to impeach Plaintiff during trial with any prior inconsistent statements.

The key fact in the Court's view that warrants the conviction's preclusion, however, is its remoteness in time. Rule 609(a)(2) reflects an important legislative policy that convictions which involve acts of fraud presumptively bear on a testifying witness's character for truthfulness. However, the fact that Rule 609(b), which governs the admissibility of convictions that are more than ten years old, trumps Rule 609(a)(2) reflects a more important legislative policy that old convictions, even those that involve acts of untruthfulness, cannot continue to serve as indelible impeachment of a person's character absent truly compelling circumstances. In this case, Plaintiff's quarter-century-old conviction—which stemmed from Plaintiff's nearly 30-year-old criminal conduct—simply has little to no bearing on his current character for truthfulness. Indeed, there is a strong likelihood that considerable unfair prejudice would result to Plaintiff if the jury were told that he has an otherwise-irrelevant criminal record.

The Court therefore concludes that Defendants have failed to meet the demanding standard for admissibility under Rule 609(b). Because the probative value of Plaintiff's 1999 conviction does not substantially outweigh its prejudicial effect, it is not admissible at trial.

SO ORDERED.

/s/ Nina R. Morrison_____
NINA R. MORRISON
United States District Judge

Dated: February 9, 2023
Brooklyn, New York